**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM P. FLYNN JR., ) | NO. CV 05-403-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Defendant's motion for summary judgment is denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 18, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

February 18, 2005.  Plaintiff filed a motion to remand on July 12, 2005.  Defendant filed a cross-motion for summary judgment on August 1, 2005.  Plaintiff filed a reply memorandum on August 8, 2005.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed January 25, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability beginning January 6, 1999, based on, inter alia, alleged mental impairments (Administrative Record ("A.R.") 64, 202-14, 464, 526-40).  Plaintiff's last insured date was March 31, 1999 (A.R. 20).

The Administrative Law Judge ("ALJ") found that Plaintiff's depression and anxiety presently are disabling, but were non-severe as of March 31, 1999 (A.R. 16, 18, 20).  The ALJ denied benefits (A.R. 20-21).  The Appeals Council denied review (A.R. 6-8).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.
>
> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

1        process.  SSR 85-28 at 22-23.

3  See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the
4  severity concept is "a de minimis screening device to dispose of
5  groundless claims").

7        In the present case, the medical evidence does not "clearly
8  establish[ ]" the non-severity as of March 31, 1999, of those mental
9  impairments the Administration found not only severe but disabling as
10 of some time after March 31, 1999.  Physicians prescribed medication
11 for Plaintiff's mental problems prior to March 31, 1999; one
12 physician opined Plaintiff was totally psychiatrically disabled
13 beginning less than three months after March 31, 1999; a treating
14 record dated only six days after March 31, 1999, appears to reflect
15 significant psychiatric problems; Plaintiff attempted suicide in
16 June, 1999 (A.R. 202-14, 526-40).  Many, if not most, mental
17 impairments are progressive in nature.  See Blankenship v. Bowen, 874
18 F.2d 1116, 1121-22 (6th Cir. 1989), cited with approval in Morgan v.
19 Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1991).  The retrospective
20 nature of some of the medical evidence does not alter the conclusion
21 that the medical evidence fails to "clearly establish" the alleged
22 non-severity of Plaintiff's mental impairments as of March 31, 1999.
23 See Lester v. Chater, 81 F.3d 821, 832 n.10 (9th Cir. 1995) (Vincent
24 v. Heckler[2] "does not stand for the proposition that the Commissioner
25 is entitled to reject the treating or examining psychologist's
26 opinion merely because the onset date of disability was before the

---

[2]    739 F.2d 1393 (9th Cir. 2004).

4

first date on which the psychologist saw the claimant"); Smith v. Bowen, 849 F.2d 1222, 1225-26 (9th Cir. 1988) (medical opinions should not be disregarded solely on the basis that the opinion is retrospective).

In addition to violating SSR 85-28, the Administration violated SSR 83-20. "Social Security Ruling 83-20 sets forth guidelines for determining the date of onset of a disability . . .". DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991). In pertinent part, SSR 83-20 provides:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that described the history and symptomatology of the disease process.
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped work. How long the disease may be determined to have existed at a

> disabling level of severity depends on an informed
> judgment of the facts in the particular case. This
> judgment, however, must have a legitimate medical
> basis. At the hearing, the administrative law judge
> (ALJ) should call on the services of a medical advisor
> when onset must be inferred (emphasis added).

See Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1991) (SSR 83-20 "suggests that when the evidence regarding date of onset of mental impairment is ambiguous . . . the ALJ should determine the date based on an informed inference. . . . Such an inference is not possible without the assistance of a medical expert"); Felicie v. Apfel, 1998 WL 171460 *3 (S.D.N.Y. April 13, 1998) ("ultimately, convincing rationale must be given for the date chosen") (citations and quotations omitted).

Under the circumstances of this case, the ALJ should have called on the services of a medical advisor to determine whether Plaintiff's mental impairments first attained disabling severity before, on, or after March 31, 1999. Id.; see Armstrong v. Commissioner, 160 F.3d 587, 589-90; see also DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991) ("In the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the Administrative Law Judge to call upon the services of the medical advisor . . .").

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 22, 2005.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not and does not reach any issue raised by Plaintiff other than the issues expressly discussed herein.